

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2005

# USA v. Luciano

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2920

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Luciano" (2005). *2005 Decisions.* Paper 230.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/230

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2920

UNITED STATES OF AMERICA,

v.

ROSALI  LUCIANO,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00305)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 21, 2005

Before:   SCIRICA, Chief Judge, VAN ANTWERPEN and ALDISERT, Circuit Judges.

(Filed:  November 15, 2005)

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge

Counsel for Appellant Rosali Luciano ("Luciano") has filed a motion to withdraw

from this case and has submitted a brief pursuant to Anders v. California, 386 U.S. 738

(1967), stating that no nonfrivolous issues exist for appeal. Because Luciano has not requested re-sentencing under United States v. Booker, --- U.S. ---, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), we will affirm the judgment of conviction and sentence and grant Counsel's motion to withdraw.

I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

On October 3, 2001, Luciano pled guilty to possession with intent to distribute more than 100 grams of heroin in a protected zone, 18 U.S.C. § 860. On July 1, 2002, she was sentenced pursuant to the Sentencing Guidelines to a term of imprisonment of 90 months followed by eight years of supervised release. The District Court did not depart from the applicable Guidelines range.

Thereafter, Luciano filed a *pro se* notice of appeal. On February 14, 2002, Luciano's counsel filed this Anders brief and a motion to withdraw. Luciano was sent a copy of both the motion and the brief and was given the opportunity to respond *pro se*. She has not filed a response. By order dated March 30, 2005, this Court also afforded Luciano an opportunity to challenge her sentence under Booker in a separate letter to the Court. No such letter has been filed with this Court.

II.

2

When analyzing <u>Anders</u> briefs, we ask two questions: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001). An attorney must demonstrate both that he has thoroughly examined the record for appealable issues and that any raisable issues are frivolous. <u>Id.</u> In making this showing, "[c]ounsel need not raise and reject every possible claim." <u>Id.</u> Counsel needs only to satisfy the "conscientious examination" standard set forth by the Supreme Court in <u>Anders</u>. <u>Id.</u>

Here, Counsel has referred this Court to the portions of the record that arguably present non-frivolous issues and has addressed (1) whether the District Court had jurisdiction to accept Luciano's guilty plea, (2) whether Luciano's guilty plea was valid, and (3) whether the District Court imposed a legal sentence. Counsel concluded, and the Government agrees, that there are no nonfrivolous issues for appeal.

Upon review, we agree with the Government that Counsel has conducted a conscientious examination of the issues and that no nonfrivolous issues exist with respect to either the District Court's jurisdiction or the validity of Luciano's guilty plea. We do, however, conclude that a nonfrivolous issue exists with respect to sentencing.

Counsel's <u>Anders</u> brief advises this Court as follows:

> The defendant was sentenced on July 22, 2002 [sic] prior to the Supreme Court's decision in <u>United States v. Booker</u> and <u>United States v. FanFan</u> [sic], 543 U.S. ____ (2005). These decisions have not been applied retroactively as of yet. However, neither of these decisions, or the decision in <u>Blakely v.</u>

Washington, 542 U.S. ____ (2004) would aid the defendant. In the case at bar, the defendant's sentence was below the statutory maximum, and indeed, below the mandatory sentence had an 851 notice been filed. There were no findings by the Court that would have affected her sentence that were set forth specifically in the plea agreement. Thus, it is clear that her sentence was lawful.

Counsel's brief was filed on February 14, 2004, two months before this Court's decision in United States v. Davis, 407 F.3d 162 (3d Cir. 2005). In Davis, this Court adopted a general policy of vacating sentences entered pursuant to pre-Booker law. See id. at 165. We noted that "[w]e would be usurping the discretionary power granted to the district courts by Booker if we were to assume that the district court would have given [defendant] the same sentence post-Booker." Id. (citing United States v. Oliver, 397 F.3d 369, 380 n.3 (6th Cir. 2005)) (modifications in original). Accordingly, Counsel's brief is incorrect that no nonfrivolous issues exist with respect to sentencing.

This policy, however, only applies when a defendant affirmatively requests re-sentencing under Booker. See id. at 166 ("Appellants have been directed to state whether they wish to challenge their sentences under Booker. For those who do not, we consider the appeal on the merits."). This Court will not impose re-sentencing, which could result in a greater sentence, on a defendant who does not request it. Here, Luciano has not requested a remand in accordance with our Court policy, and, accordingly, we will not remand this case to the District Court for re-sentencing. We will therefore grant Counsel's motion to withdraw.

III.

4

We have considered all of the arguments raised by the parties and conclude that no further discussion is necessary. We will affirm the judgment of conviction and sentence. The motion to withdraw will be granted.