

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2006

# USA v. Lopez

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4420

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Lopez" (2006). *2006 Decisions.* Paper 1138.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1138

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4420

———

UNITED STATES OF AMERICA

v.

ISRAEL VALENTIN LOPEZ,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. No. 01-cr-00363-10
District Judge: Honorable Berle M. Schiller

———

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2006

Before:  BARRY, SMITH and ALDISERT, Circuit Judges

(Filed:   May 10, 2006)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Counsel for Israel Lopez has filed a motion to withdraw as appellate counsel in

this case and has submitted a brief in support thereof pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel argues that there are no nonfrivolous issues that can be raised on appeal by Lopez. We disagree. Because Lopez challenges the legality of his sentence under United States v. Booker, 543 U.S. 220 (2005), our decision in United States v. Davis, 407 F.3d 162 (3d Cir. 2005), controls this case and requires that we vacate Lopez's sentence and remand for resentencing. Accordingly, we will deny counsel's Anders motion.[1]

## I.

As we write only for the parties, who are familiar with the underlying facts, we shall set out only those facts necessary to our analysis. On June 18, 2003, Lopez pled guilty to conspiring to distribute more than 50 grams of cocaine base and more than five kilograms of cocaine in violation of 21 U.S.C. § 846. Pursuant to his plea agreement, the remaining counts of the indictment that pertained to Lopez were dismissed. On November 6, 2003, Lopez was sentenced to 262 months imprisonment, a five-year term of supervised release and a $100 special assessment. Lopez filed a timely notice of appeal on November 12, 2003.

On September 10, 2004, Lopez's counsel filed an Anders motion to withdraw from the case. His accompanying brief stated that upon review of the case he could identify no nonfrivolous grounds for appeal. On September 13, 2004, Lopez was given thirty days to

---

[1] We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

respond by filing a pro se brief. Notwithstanding the granting of an extension, Lopez filed no brief responding to his counsel's <u>Anders</u> motion.

On January 12, 2005, the Supreme Court issued its opinion in <u>Booker</u>, and on March 3, 2005, the parties were directed by the Clerk to comment on the applicability of <u>Booker</u> to Lopez's sentence. They accordingly had 14 days to submit a response detailing the legal and factual basis for any <u>Booker</u> challenge. On March 15, 2005, Lopez filed a response, challenging the legality of his sentence under <u>Booker</u>. Lopez's counsel filed a response that contended that <u>Booker</u> did not apply to Lopez's sentence.

## II.

When analyzing <u>Anders</u> briefs, we ask two questions: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001). When an attorney submits an <u>Anders</u> brief, his or her duties are (1) to demonstrate to the court that he or she has thoroughly examined the record for appealable issues, and (2) to demonstrate that the issues are frivolous. <u>Id.</u> In attending to his or her duties "[c]ounsel need not raise and reject every possible claim." <u>Id.</u> Counsel needs only to satisfy the "conscientious examination" standard set forth by the Supreme Court in <u>Anders</u>. <u>Id.</u>

## III.

In his <u>Anders</u> brief, Lopez's counsel suggests and discusses two potential issues

3

for appeal: (1) whether the plea agreement was breached or may be withdrawn, and (2) whether the sentence imposed was legal. Upon review of these issues, we agree that there are no nonfrivolous issues surrounding the validity of Lopez's plea agreement, but conclude that the legality of his sentence is challengeable under Booker.

A.

As for the first issue, upon close scrutiny we can discern no nonfrivolous issues raised by Lopez's plea agreement that would support an appeal. We agree with counsel that Lopez's plea agreement may not be validly withdrawn because the facts of his case fail the three-part test that governs the withdrawal of such agreements. See United States v. Huff, 873 F.2d 709, 712 (3d Cir. 1989) (stating the three-part test for the withdrawal of plea agreements: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by his withdrawal; and (3) the strength of the defendant's reason to withdraw the plea"). We also agree that the plea agreement has not been breached by the government. The only issue of substance that was contested at the sentencing hearing was the matter of Lopez's entitlement to the application of the "safety valve" decrease of USSG § 5C1.2. In the plea agreement, the government never agreed to provide or make recommendations regarding any "safety valve" downward departures. Consequently, that Lopez's motions for application of the "safety valve" decreases were unsupported by the government and subsequently denied by the District Court does not constitute a breach of the plea agreement. Finally, there is no indication that the plea agreement must be set aside to correct any manifest injustice.

4

B.

As for the second issue, the legality of Lopez's sentence, we conclude that it may be challenged under <u>Booker</u>. In <u>Davis</u>, this Court decided to remand for resentencing virtually all cases pending on direct review when <u>Booker</u> was decided in which the defendant was sentenced under the mandatory Guidelines regime. <u>Davis</u>, 407 F.3d at 165. We explained that:

> [b]ecause the sentencing calculus was governed by a Guidelines framework erroneously believed to be mandatory, the outcome of each sentencing hearing conducted under this framework was necessarily affected. Although plain error jurisprudence generally places the burden on an appellant to demonstrate specific prejudice flowing from the District Court's error, in this context – where mandatory sentencing was governed by an erroneous scheme – prejudice can be presumed.

<u>Id.</u> Lopez's claim therefore survives scrutiny under plain error review because, in imposing sentence, the District Court treated the "Guidelines as mandatory rather than advisory." <u>Id.</u> at 164.

Although we have granted <u>Anders</u> motions when the defendant has not indicated that he desires resentencing pursuant to <u>Booker</u>, <u>see, e.g.</u>, <u>United States v. Luciano</u>, 154 Fed. Appx. 305, 307 (3d Cir. 2005) (unpublished), here Lopez raised a <u>Booker</u> challenge in his March 15, 2005 response to the Clerk. Accordingly, "we will . . . vacate the sentence, and remand for consideration of the appropriate sentence by the District Court in the first instance."[2] <u>Id.</u> at 166. Moreover, because this nonfrivolous issue remains in

---

[2] We also note that Lopez did not waive his right to appeal the legality of his sentence in his plea agreement. <u>See</u> <u>United States v. Lockett</u>, 406 F.3d 207, 212-214 (3d Cir. 2005)

the case, we will deny the <u>Anders</u> motion.[3]

IV.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. We will deny counsel's <u>Anders</u> motion and will affirm Lopez's conviction, vacate his sentence and remand for resentencing in light of <u>Booker</u>.

_____

(holding that a defendant who executed an appellate waiver as part of his plea agreement is not entitled to resentencing in light of <u>Booker</u>).

[3] Because Lopez's sentence will be vacated and his case remanded for resentencing pursuant to <u>Booker</u>, we will not address the discussion raised by Lopez's counsel in his <u>Anders</u> brief regarding the validity of the Court's denial of Lopez's motion for application of the "safety valve" decrease of USSG § 5C1.2.